Julia **DALLE TEZZE** (Widow of Bruno Dalle Tezze), Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 86–3398.

United States Court of Appeals, Third Circuit.

Argued Feb. 25, 1987.

Decided March 19, 1987.

Morrison F. Lewis, Jr. (argued), Greensburg, Pa., for petitioner.

Patricia M. Nece (argued), George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before WEIS, BECKER, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

In this petition for review of an order of the United States Department of Labor, Benefits Review Board ("the Board"), we are asked to consider the circumstances in which a party who prevailed at a hearing before an Administrative Law Judge ("ALJ") must file a cross-appeal in order to preserve certain issues for review by the Board. Our jurisdiction over this matter stems from 33 U.S.C. § 921(c) (1982) as incorporated by 30 U.S.C. § 932(a) (1982).

This petition was brought by Julia Dalle-Tezze, widow of Bruno Dalle-Tezze, who was the original claimant in this action. Bruno Dalle-Tezze was born in 1915, and at the age of fifteen, he left high school to work full time in the mines of the Westmoreland Coal Company. He worked for Westmoreland until 1937, at which time he became a truck driver for Air Reduction Sales Company ("Airco"), an independent contractor that supplied oxygen and acetylene tanks to coal mines. While employed by Airco, Mr. Dalle-Tezze delivered oxygen and acetylene to various mines in western Pennsylvania. Though his job with Airco did not require that he actually enter the mines, he was required to load and unload tanks at the tipple areas. As a result, Mr. Dalle-Tezze allegedly suffered significant coal dust exposure during his twenty-five years of employment with Airco. Dalle-Tezze left Airco in 1962 and began working for Rozina Coal Company as a miner. Two

years later he had a heart attack and retired.

In 1972, Dalle-Tezze filed with the Social Security Administration a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* (1982). The Social Security Administration initially denied benefits and then forwarded the claim to the Department of Labor. In 1979, the Department of Labor, too, denied benefits, and the case was then referred to an ALJ for formal hearing.

At the hearing, Dalle-Tezze urged that his twenty-five years of service for Airco should be considered coal mine employment for purposes of the black lung statute and regulations and, therefore, he was entitled to the interim presumption of total disability accorded to persons who have engaged in coal mine employment for at least ten years. *See* 20 C.F.R. § 727.203 (1986). After referring this issue to the Deputy Commissioner of the Office of Workers' Compensation Programs, the ALJ ultimately found that Dalle-Tezze's years at Airco did not qualify as coal mine employment and, accordingly, that he was not entitled to the interim presumption of disability.

Since the ALJ found that Dalle-Tezze did not qualify for the interim presumption, the ALJ evaluated the claim under part 410 of the black lung regulations. In order to establish a claim under part 410, the claimant must carry the burden of proving 1) that he is a coal miner, 2) that he is totally disabled due to pneumoconiosis (black lung disease), and 3) that his pneumoconiosis arose out of employment in the nation's coal mines. 20 C.F.R. § 410.410(b) (1986). The ALJ held that Dalle-Tezze carried his burden of proving all three of the elements listed above, and on March 28, 1983 the ALJ issued an order awarding benefits.

The Director of the Office of Workers' Compensation Programs ("the Director") appealed the ALJ's decision to the Board. In particular, the Director urged that Dalle-Tezze failed to establish a claim under part 410 because there was not substantial evidence in the record to support a finding that Dalle-Tezze's pneumoconiosis arose out of coal mine employment. In his response brief, Dalle-Tezze offered two rejoinders: 1) that there was substantial evidence linking the pneumoconiosis to coal mine employment, and 2) that the ALJ erred in finding that the Airco work was not coal mine employment and, therefore, a proper application of the interim presumption would support the ALJ's award of benefits. The Board held that there was not substantial evidence linking the disease to the relevant employment. As to the Airco issue, the Board simply stated:

> Because claimant has not raised this issue in a separate appeal or cross-appeal, we may not address it. *See* 20 C.F.R. § 802.205; *King v. Tennessee Consolidation [sic] Coal Co.,* 6 BLR 1–87 (1983).

*Dalle-Tezze v. Director, OWCP,* BRB No. 84–464 BLA, unpublished op. at 2 (Apr. 19, 1986). Accordingly, the Board reversed the order of the ALJ and denied benefits.

Thereafter, Dalle-Tezze moved that the Board reconsider its decision. In denying the motion, the Board stated:

> Claimant argues that the Board erred in declining to reach the issues of years of coal mine employment and entitlement to benefits under 20 C.F.R. Part 727. The Board based its decision not to reach these issues on the ground that they were not raised in a separate appeal or cross appeal. The Board's decision in *King v. Pennsylvania [sic] Consolidated Coal Co.,* 6 BLR 1–87 (1983), states that any new argument, the acceptance of which would dictate remand or any modification of the decision below must be raised in a separate appeal or cross appeal.
>
> Acceptance of claimant's arguments on the issues in question would require remand for further factual determinations by the administrative law judge. Because these arguments were not raised in a separate appeal or cross appeal, we must decline to reach them. *King, supra,* at 6 BLR 1091 n. 3.

*Dalle-Tezze v. Director, OWCP,* BRB No. 84–464 BLA, unpublished op. (June 20, 1986) (order denying motion for reconsideration). This petition for review followed. The sole question presented for our consid-

eration is whether the Board correctly refused to consider the Airco issue because the appellee, Dalle-Tezze, failed to file a cross-appeal.

In black lung benefits cases, the taking of appeals and cross-appeals is governed by 20 C.F.R. § 802.205 (1986). Subsection (a) of this regulation provides that an aggrieved party may initiate an appeal to the Board by filing a notice of appeal within thirty days of the date upon which the ALJ's decision was filed. Subsection (b) further provides that any other party may file a cross-appeal within thirty days of the filing of the ALJ's decision or within fourteen days of the date on which the first notice of appeal was filed.[1] Thus, the rules governing appeals and cross-appeals from ALJ decisions to the Board closely track the rules governing civil appeals and cross-appeals from United States District Courts to the United States Courts of Appeals. *See* Fed.R.App.P. 4(a).[2] Indeed, in *King v. Tennessee Consolidated Coal Co.*, 6 Black Lung Rep. 1–87, 1–91 (1983), the Board held that § 802.205(b) should be interpreted as requiring a cross-appeal in those instances where a federal court, following principles of sound appellate procedure, would likewise require a cross-appeal. The Director has represented to us in his brief and at oral argument that he agrees that § 802.205(b) incorporates federal principles of appellate practice. We will therefore review the Board's refusal to consider the Airco issue under rules that guide federal appellate practice. As the question presented involves the interpretation and application of legal precepts, our review is plenary. *Carozza v. United States Steel Corp.*, 727 F.2d 74, 77 (3d Cir.1984).

The general rule followed in federal courts concerning the circumstances in which an appellee must file a cross-appeal in order to preserve a contention for review was enunciated by Justice Brandeis in his opinion in *United States v. American Ry. Express Co.*, 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087 (1924):

> [A] party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought [to an appellate court] by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below. But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.

*Id.* at 435, 44 S.Ct. at 564. This principle has come to be known as the "inveterate and certain" rule, *see Morley Co. v. Maryland Cas. Co.*, 300 U.S. 185, 191, 57 S.Ct. 325, 328, 81 L.Ed. 593 (1937), and has on numerous occasions been reaffirmed by the Supreme Court, *see, e.g. id, Langnes v. Green*, 282 U.S. 531, 535–39, 51 S.Ct. 243, 244–46, 75 L.Ed. 520 (1931); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 381 n. 4, 90 S.Ct. 616, 620 n. 4, 24 L.Ed.2d 593 (1970); *Dandridge v. Williams*, 397 U.S. 471, 475–76 & n. 6, 90 S.Ct. 1153, 1156–57 & n. 6, 25 L.Ed.2d 491 (1970); *Massachusetts Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976), and by this court. *See, e.g., Cospito v. Heckler*, 742 F.2d 72, 78 n. 8 (3d Cir.1984);

---

**1.** Title 20 C.F.R. § 802.205(b)(2) (1986) goes on to say:

> When a decision or order is favorable to a party (*i.e.,* the prevailing party), but contains findings of fact or conclusions of law, or both, which are adverse to him or her, the prevailing party may become potentially aggrieved when the other party, who is in fact aggrieved, files a notice of appeal pursuant to paragraph (a) of this section. Therefore, the prevailing party may file an appeal pursuant to paragraph (b) of this section to protect its right to challenge the adverse findings of fact or conclusions of law, or both, in the same proceeding.

**2.** The time periods for the taking of appeals are the same under 20 C.F.R. § 802.205(b) and Fed.R.App.P. 4(a), except under Fed.R.App.P. 4(a) the original notice of appeal may be filed within sixty days of entry of the judgment in cases where the United States is a party.

*Lucas v. Gulf & Western Indus., Inc.*, 666 F.2d 800, 805 (3d Cir.1981); *Phillips v. Pennsylvania Higher Ed. Assistance Agency*, 657 F.2d 554, 567 (3d Cir.1981); *Washington Steel Corp. v. TW Corp.*, 602 F.2d 594, 602 (3d Cir.1979); *Reserve Ins. Co. v. Brokerage Surplus Corp.*, 570 F.2d 487, 491 (3d Cir.1978). The justification for this rule is quite simple—a party who is happy with the judgment of a court should not have to appeal from it. *See* Stern, *When to Cross-Appeal or Cross-Petition—Certainty or Confusion?* 87 Harv.L.Rev. 763, 765 (1974) (hereinafter "Stern"). In fact, a party has no right to appeal from a favorable judgment. *Public Serv. Comm'n v. Brashear Freight Lines, Inc.*, 306 U.S. 204, 59 S.Ct. 480, 83 L.Ed. 608 (1939). Thus, the inveterate and certain rule prevents "the paradoxical situation of requiring a cross-appeal under circumstances which would seem not to permit a direct appeal." Note, *Cross-Appeals in Maine: Pitfalls for the Winning Litigant*, 25 Maine L.Rev. 105, 107–08 (1973).³

 Our inquiry, then, boils down to this: if Dalle-Tezze were to prevail on the Airco issue, could he receive more, or could the Director receive less, than what was given under the ALJ's order? The Director would have us answer this question in the affirmative. The Director reasons that acceptance of Dalle-Tezze's Airco argument would entitle Dalle-Tezze to the interim presumption and thereby decrease his burden of proof and enlarge his rights. This argument misses the mark entirely. The inveterate and certain rule focuses on the rights of the parties after, not before, the rendering of the decision in the tribunal below. In this case, the ALJ's order gave Dalle-Tezze all the benefits that he requested. Acceptance of Dalle-Tezze's Airco argument would merely provide another avenue by which an ALJ could reach the same favorable judgment; it could neither enlarge Dalle-Tezze's rights nor diminish the Director's rights as tentatively resolved by the order of the ALJ.

 We also find untenable the Board's assertion that if acceptance of the appellee's contention would result in a remand, then a cross-appeal is required. To begin, this position is inconsistent with the policy underlying the inveterate and certain rule—that a party who is satisfied with the judgment below need not appeal from it, even if his adversary does pursue an appeal. Further, the position does not comport with the pertinent case law. In *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), for instance, the Supreme Court considered an issue raised by the respondent that had previously been rejected by the Ninth Circuit; finding that the respondent's contention had merit, the Court remanded the case to the district court. Similarly, in a case involving the denial of a motion for judgment notwithstanding verdict, the Federal Circuit indicated that without filing a cross-appeal, the "appellee may assert grounds that would entitle him to a new trial if denial of the motion for JNOV is held to have been in error." *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1512 (Fed.Cir. 1984); *see also* Fed.R.Civ.P. 50(d). Thus, so long as the appellee's contention provides an alternate avenue to a prior favorable judgment, the appellate tribunal should consider the contention; it is quite irrelevant that the avenue might wend its way through an inferior tribunal before reaching the desired destination.

In sum, the Board's refusal to consider the Airco issue is not consistent with sound appellate procedure. We, therefore, will grant the petition for review and remand the case to the Board for consideration of the Airco issue.

---

**3.** We note that there are a few recognized exceptions to the inveterate and certain rule, none of which are applicable here. *See* Stern, 87 Harv. L.Rev. at 767–71.