**Louie Edward MICHELI, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 87–1474.

United States Court of Appeals,
Tenth Circuit.

May 12, 1988.

William E. Kenworthy, Denver, Colo., for petitioner.

Ronald G. Ray, Sr., Atty., U.S. Dept. of Labor, Office of the Sol. (George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., Barbara J. Johnson, counsel for Appellate Litigation, Thomas L. Holzman, Asst. counsel for Appellate Litigation, with him, on the brief), Washington, D.C., for respondent.

Before SEYMOUR and SETH, Circuit Judges, and O'CONNOR, District Judge *.

SETH, Circuit Judge.

Louie Edward Micheli petitions to review an order of the Benefits Review Board denying his claim for disability benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945. The basic issue concerns the evidentiary weight which an administrative law judge may give to a medical opinion which is inconsistent with and fails to account for contrary objective medical data. Because we find that the decision of the administrative law judge was not supported by substantial evidence, we must set the administrative determination aside, remand the case and direct that a judgment be entered awarding Louie Micheli benefits.

Micheli's claim for benefits under the Black Lung Benefits Act (the Act) was

administratively denied. He appealed and a formal hearing was held before an administrative law judge. At the hearing, the administrative law judge heard the testimony of Micheli, his treating physician, and two lay witnesses who were familiar with Micheli's history of employment in coal mines. Micheli's attorney and the counsel for the Director of the Office of Workers' Compensation Programs (the Director) also provided documentary evidence, including written medical reports, pertaining to Micheli's physical condition and coal mine employment. Counsel for the Director did not offer any live testimony at the hearing.

The administrative law judge found that the evidence adduced at the hearing was sufficient to trigger the then interim presumption of total disability which was set forth in the regulations promulgated by the Secretary of Labor for the resolution of black lung benefits claims filed between July 1, 1973 and April 1, 1980. *See* 20 C.F.R. Part 727 (1987). These regulations provided that a claimant may establish a presumption that he has been totally disabled by pneumoconiosis as a result of employment in coal mines in one of several ways. The administrative law judge determined that Micheli was entitled to the presumption set out at 20 C.F.R. § 727.203(a)(3) which provided, in pertinent part, that:

"A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment if ... [b]lood gas studies ... demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood...."

The administrative law judge invoked the presumption of total disability on this basis after finding that Micheli had worked in coal mines for approximately sixteen years and that a blood gas study in 1979 yielded results indicating that Micheli suffered from pneumoconiosis.

* Honorable Earl E. O'Connor, Chief United States District Judge for the District of Kansas, sitting by designation.

Once a claimant has established his entitlement to the presumption of total disability under the Act, the Director has the burden of rebutting the presumption in one of several ways. In Micheli's case, the administrative law judge found that the Director had successfully rebutted the presumption of total disability by showing that Micheli was "able to perform his last coal mine job or comparable work." *See* 20 C.F.R. § 727.203(b)(2). This finding was based on the administrative law judge's review of medical data, other than the results of the 1979 blood gas study, as well as the administrative law judge's belief that Micheli's disability was attributable not only to respiratory problems arising from coal mine employment, but also to arthritis. Having found that the Director had successfully rebutted the interim presumption of total disability, the administrative law judge held that Micheli was not entitled to benefits under the Act.

Micheli took an appeal from the administrative law judge's decision to the Benefits Review Board (Board). During the appeal the Director conceded that the administrative law judge had erred in finding that rebuttal had been established pursuant to 20 C.F.R. § 727.203(b)(2) and the Board vacated the administrative law judge's finding of rebuttal. Rather than reversing the administrative law judge's decision, however, the Board remanded the claim to the administrative law judge for reconsideration in light of 20 C.F.R. § 727.203(b)(4) which provides, in pertinent part, that "[t]he presumption [of total disability] ... shall be rebutted if [t]he evidence establishes that the miner does not ... have pneumoconiosis."

Upon remand, the administrative law judge found that Micheli did "not have pneumoconiosis nor any other significant respiratory or pulmonary impairment resulting from coal mine employment." This finding was premised on the medical opinion of Dr. Charles Salerno, the consulting physician who had examined Micheli in 1979 and had then ordered the blood gas study which yielded results that demonstrated the presence of pneumoconiosis. The administrative law judge concluded that Dr. Salerno's written opinion (the doctor did not testify at the hearing) that Micheli had "no significant pulmonary disease" was corroborated by the available objective medical data and noted that the only data which was sufficient to invoke the interim presumption of total disability, the 1979 blood gas study, which had been conducted at Dr. Salerno's request, had been invalidated because of a technical problem with the test. The administrative law judge discredited the medical opinion of Dr. John Buglewicz, Micheli's treating physician, as being inconsistent with the available objective medical data. Accordingly, the administrative law judge again determined that the Director had successfully rebutted the interim presumption, although on different grounds, and denied Micheli's claim for benefits.

Micheli again appealed to the Board and it affirmed. In its opinion, the Board held that:

"[T]he administrative law judge's subsection (b)(4) finding [of rebuttal by proof that Micheli did not have pneumoconiosis] is supported by substantial evidence in the form of Dr. Salerno's opinion and the negative x-rays of record."

Micheli now seeks judicial review of this determination. We have jurisdiction of Micheli's appeal from the administrative adjudication of his claim. *See* 33 U.S.C. § 921(c).

■ When we review the final administrative resolution of a claim for benefits under the Act, we examine the record to determine whether the resolution is supported by substantial evidence. As we recently stated in *Velasquez v. Director, OWCP*, 835 F.2d 262, 264–65 (10th Cir.):

"It is not this court's function on review to weigh and resolve conflicts in the evidence. Rather, our review is limited to determining whether the ALJ's decision was supported by substantial evidence in the record as a whole....

....

"Although the phrase 'substantial evidence' is difficult to define precisely, it has been described as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Kaiser Steel Corp. v. Director, OWCP*, 748 F.2d 1426 (10th Cir.).

▆ Micheli's entitlement to the interim presumption of total disability arising from pneumoconiosis had become conclusive. As noted above, the administrative law judge found in his first decision that the results of the 1979 blood gas study ordered by Dr. Salerno entitled Micheli to the benefit of the regulatory interim presumption. The administrative law judge made this finding even though he knew that the results of the study may have been invalidated for noncompliance with Department of Labor standards and that a subsequent blood gas study conducted at the request of Dr. Buglewicz had rendered results which were not sufficient to give rise to the interim presumption.

The Director, however, never took an appeal from the administrative law judge's finding that Micheli was entitled to the interim presumption. Since the issue was not raised during the first proceeding before the Board, we deem the administrative law judge's original finding conclusive. In the first Board opinion, the panel noted that the administrative law judge had invoked the interim presumption based upon the blood gas study results and made the following comment:

"We note that the administrative law judge erred in failing to weigh the non-qualifying tests results of the September 1981 blood gas study with those from the qualifying 1979 blood gas study, upon which he based invocation. *However, we do not address the issue because it was not raised by either party*." (Emphasis added.)

The Board ended by remanding the case to the administrative law judge who made the following observation in his second decision denying benefits:

"It is noted that if this case were before me at this time for initial consideration rather than on remand I would find that the interim presumption is *not* invoked under 20 C.F.R. 727.203(b)(2) on the basis of the single qualifying arterial blood gas test ... because recent Benefits Review Board precedents direct that all such examinations should be weighed pri-

or to invocation. *However, since neither party raised this issue on appeal, it is beyond the scope of remand*." (Emphasis added in last sentence.)

These observations comport with the general rule that "in the absence of exceptional circumstances, a reviewing court will refuse to consider contentions not presented before the administrative proceeding at the appropriate time." *Duncanson–Harrelson Co. v. Director, OWCP*, 644 F.2d 827, 832 (9th Cir.) (quoting *Getty Oil Co. v. Andrus*, 607 F.2d 253, 256 (9th Cir.)). Thus, we will not review the administrative law judge's finding that the results of the 1979 blood gas study entitle Micheli to the interim presumption of total disability under 20 C.F.R. § 727.203(a)(3).

▆ Thus the primary focus of our analysis is whether the administrative law judge's finding that the Director successfully rebutted the interim presumption under 20 C.F.R. § 727.203(b)(4) by showing that Micheli did not have pneumoconiosis is supported by substantial evidence. As noted above, the administrative law judge's finding that Micheli did not have pneumoconiosis was based upon Dr. Salerno's written report which concluded that Micheli "ha[d] no significant pulmonary disease." On his second appeal to the Board, Micheli argued that Dr. Salerno's opinion did not constitute such substantial evidence as to be adequate to rebut the interim presumption of total disability. We agree that Dr. Salerno's opinion is an insufficient basis for a finding of rebuttal.

It is significant that Dr. Salerno failed to account for the results of the 1979 blood gas study in formulating his medical opinion of Micheli. When Dr. Salerno examined Micheli, he ordered a blood gas study which rendered results sufficient to invoke the interim presumption of total disability. It is somewhat surprising therefore that Dr. Salerno's written report, upon which the administrative law judge rested his finding of rebuttal, did not account for those test results. Once the presumption of total disability has been invoked by any one of the objective criteria recognized by the regulations, it would frustrate the purposes of the Act to allow the Director to rebut the presumption without accounting

for contrary objective medical evidence generated by the same doctor. Such an opinion which fails to account for contrary objective evidence is not sufficiently reasoned to constitute substantial evidence for the purposes of rebuttal. This is to be considered in the context of the testimony of claimant's treating physician, Dr. Buglewicz, and other evidence and testimony. As we said in *Frey v. Bowen*, 816 F.2d 508 (10th Cir.) (a social security case), at 513 (quoting *Turner v. Heckler*, 754 F.2d 326, 329 (10th Cir.)):

> "The well-established rule in this circuit is that the Secretary must give substantial weight to the testimony of a claimant's treating physician unless good cause is shown to the contrary."

In a similar situation, the Third Circuit held that there was no need to remand a claim to the administrative law judge for a hearing on the issue of rebuttal of the concededly valid interim presumption when the principal evidence in the record tending to establish the fact that the claimant did not have pneumoconiosis was a medical "report [which] made no reference to the previous X-rays which showed the existence of pneumoconiosis." *Sulyma v. Director, OWCP*, 827 F.2d 922, 924 (3d Cir.). Likewise, in *Beavan v. Bethlehem Mines Corp.*, 741 F.2d 689, 692 (4th Cir.), the Fourth Circuit held that an opinion offered in rebuttal of a presumption of disability which failed to account for blood gas test results indicating the presence of pneumoconiosis "is neither documented nor reasoned because it does not address the blood gas test result which independently establishes severe pulmonary impairment."

█ We conclude the reasoning adopted by the Third and Fourth Circuits in the *Sulyma* and *Beavan* opinions to be sound and in accord with the liberal remedial purposes of the Black Lung Benefits Act. Unless a medical report submitted in support of a finding of rebuttal accounts for the existence of contrary objective medical data sufficient to give rise to the interim presumption of total disability, that report cannot constitute substantial evidence for purposes of rebuttal. This is especially true when the medical report offered in support of a finding of rebuttal is prepared

by a consulting physician who orders, but chooses to ignore, medical tests which indicate the presence of pneumoconiosis. Since Dr. Salerno failed to account for the results of the 1979 blood gas study which he had ordered, we hold that his written conclusion is not a sufficient evidentiary basis for a finding of rebuttal.

As noted above, the Board found substantial evidence for the administrative law judge's decision denying benefits in Dr. Salerno's opinion and in negative chest x-rays. We have found that Dr. Salerno's written report does not constitute substantial evidence and as to x-rays the Act provides, in pertinent part, that "no claim for benefits ... shall be denied solely on the basis of the results of a chest roentgenogram." 30 U.S.C. § 923(b). Our review of the remainder of the record does not reveal any other evidence which is substantial enough to support the administrative law judge's finding that the Director has rebutted the presumption that Micheli has been totally disabled as a result of pneumoconiosis arising from his work in the coal mines.

The order of the Board denying benefits is set aside, the case is remanded, and it is ordered that judgment be entered awarding Micheli benefits under the Act.