896 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Guy HOSEY, Jr., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2414.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 24, 1989.
Decided: Jan. 31, 1990.
 
 Jack Alsop, on brief, for petitioner.
 Robert P. Davis, Solicitor of Labor; Donald S. Shire, Associate Solicitor for Black Lung Benefits; Michael J. Denney, Counsel for Appellate Litigation; Jeffrey S. Goldberg, on brief, for respondent.
 Before MURNAGHAN, PHILLIPS and SPROUSE, Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant Guy Hosey, Jr., here challenges decisions by an administrative law judge and the Benefits Review Board denying him black lung benefits. We vacate and remand.
 
 
 2
 * Hosey originally applied for benefits in 1971. The claim was denied by the Social Security Administration and denied again by the Department of Labor when it reviewed his claim pursuant to the Black Lung Benefits Reform Act of 1977. Hosey then requested a formal hearing. At that hearing, the administrative law judge (ALJ) found that Hosey had been employed in the mines only five years and ten months. However, because the government had failed to contest both the length of Hosey's coal mine employment and the question of whether Hosey had pneumoconiosis, the ALJ gave Hosey the benefit of the presumption of total disability due to pneumoconiosis available to claimants with ten years in the mines. 20 C.F.R. Sec. 727.203(a). The ALJ then found that, considering all of the relevant medical evidence, the presumption had been rebutted.
 
 
 3
 Hosey appealed to the Benefits Review Board, which ruled that the ALJ erred in considering Hosey's claim under Part 727 because Hosey did not have sufficient coal mine experience. The Board then analyzed the ALJ's findings under 20 C.F.R. Part 410, Subpart D, and found that substantial evidence supported the ALJ's determination that Hosey was not totally disabled. The Board also considered the ALJ's substantive findings in light of 20 C.F.R. Sec. 410.490, as required by Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988).[1] The Board affirmed the denial of benefits because the ALJ had concluded that Hosey's x-ray evidence was insufficient to establish pneumoconiosis. Hosey appeals.[2] On appeal, the Director in effect concedes that the Board erred in its Sec. 410.490 analysis and seeks a remand for an additional factual finding.
 
 II
 
 4
 Hosey contends that the Benefits Review Board erred in concluding that the ALJ should not have considered his claim under Part 727. Hosey argues that the issue was not properly before the Board because the Director of the Office of Workers' Compensation Programs (Director) did not file a cross-appeal raising the issue. However,
 
 
 5
 it is ... settled that the appellee may, without taking a cross appeal, urge in support of a decree any matter appearing in the record although his argument may involve an attack upon the reasoning of the lower court....
 
 
 6
 United States v. American Ry. Express Co., 265 U.S. 425, 435 (1924). This approach was adopted by the Benefits Review Board in King v. Tennessee Consolidated Coal Co., 6 BLR 1-87, 1-91 (1983). In the case at bar, the Director did not seek to enlarge his rights beyond maintenance of the status quo--i.e., affirmance of the denial of benefits. See Dalle Tezze v. Director, OWCP, 814 F.2d 129, 133 (3d Cir.1987). We therefore find that the issue was properly before the Board without the filing of a cross-appeal.
 
 
 7
 Hosey also urges that, even had the Director properly raised the issue, the ALJ correctly considered his claim under Part 727 and the Board erred in reversing that decision. The ALJ had ruled:
 
 
 8
 Because the Deputy Commissioner failed to make an issue of the number of years the Claimant was employed as a coal miner, it must be presumed that he has at least the 10 years necessary to invoke the presumption embodied in 20 C.F.R. Sec. 727.203(a)....
 
 
 9
 Length of employment had not been included on the list of contested issues for the hearing before the ALJ. The ALJ noted that 20 C.F.R. Sec. 725.463 requires the hearing be confined to issues identified in advance by the deputy commissioner and that Benefits Review Board decisions have held it error for an ALJ to consider an issue not listed as contested. See Derry v. Director, OWCP, 6 BLR 1-553, 1-555 (1983); Simpson v. Director, OWCP, 6 BLR 1-49, 1-50 (1983). The ALJ therefore considered Hosey's case under Part 727, even though he made a finding of fact that Hosey worked in the mines for fewer than six years.
 
 
 10
 The Director agrees that "[u]nder the terms of section 725.463 ... the party opposing entitlement must contest any allegation, whether implied or affirmatively made, in order to have it resolved by an ALJ. The truth of any uncontested allegations is deemed conceded." However, the Director asserts that Hosey never claimed more than ten years of coal mine employment. Because the burden of establishing length of employment is on the claimant, Griffith v. Director, OWCP, 868 F.2d 847, 848 (6th Cir.1989), the Director argues that the government was not required to list length of employment as a contested issue.
 
 
 11
 We agree with the Director. The ALJ's holding had the effect of shifting an element of the claimant's burden of proof to the Director. Hosey testified that he worked in the mines for fewer than ten years; therefore, the Benefits Review Board properly concluded that his claim should not have been considered under Part 727.
 
 III
 
 12
 As we have stated, the Director requests that this case be remanded for renewed consideration under 20 C.F.R. Sec. 410.490(b). Under this regulation, a claimant who demonstrates the existence of pneumoconiosis and who establishes that this pneumoconiosis arose from coal mine employment invokes a rebuttable presumption of total disability. The Director concedes that Hosey has pneumoconiosis because Hosey made that claim below and the government failed to contest it properly in the hearing before the ALJ. However, no factual determination has ever been made as to whether Hosey's pneumoconiosis arose out of his mine employment. The Director urges that the case be remanded for this finding.
 
 
 13
 We agree that a remand is in order, limited to the issue of whether Hosey's pneumoconiosis arose out of his mine work. The Director acknowledges that Hosey will be entitled to benefits if he can demonstrate this causal relationship.[3] Because the facts and legal arguments are adequately presented in the parties' briefs, we dispense with oral argument. The decision below is
 
 
 14
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 The ALJ's decision in the present case predates Sebben by three years
 
 
 [2]
 Hosey does not challenge the Benefit Review Board's conclusion that substantial evidence supported the ALJ's finding that Hosey's claim failed under 20 C.F.R. Part 410, Subpart D
 
 
 [3]
 This follows because the Director has conceded that Hosey has pneumoconiosis; therefore, Hosey only need establish that his pneumoconiosis arose from coal mine work to benefit from the Sec. 410.490 presumption of disability. The Director has further conceded that the record does not contain substantial evidence to rebut this presumption