943 F.2d 57
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 MORRISON-KNUDSEN COMPANY, INC., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent,
John R. Hunzie, Real Party in Interest.
 No. 90-9577.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1991.
 
 Before SEYMOUR and EBEL, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 BABCOCK, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, Morrison-Knudsen Company, employer of John R. Hunzie, real party in interest, has filed a petition for review of an order of the Benefits Review Board (BRB) of the United States Department of Labor (DOL) affirming the administrative law judge's (ALJ) award of benefits to Hunzie pursuant to 30 U.S.C. §§ 901-945, the Black Lung Benefits Act. In his petition, petitioner argues that the ALJ erred in invoking the interim presumption, see 20 C.F.R. Pt. 727, and in finding that petitioner had failed to rebut that presumption. We affirm.
 
 
 3
 The BRB must uphold the ALJ's findings of fact and conclusions of law if they are "supported by substantial evidence in the record considered as a whole [and are] in accordance with law." 20 C.F.R. § 802.301(a). "In reviewing a decision of the Benefits Review Board, we must determine if the board correctly found that the Administrative Law Judge's decision was supported by substantial evidence and was in accord with the statutory and regulatory law." Mitchelson v. Director, O.W.C.P., 880 F.2d 265, 267 (10th Cir.1989). See Davis v. Director, O.W.C.P., 936 F.2d 1111, 1114 (10th Cir.1991). Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). " 'Evidence is not substantial if it is overwhelmed by other evidence or if it is actually mere conclusion.' " Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991) (quoting Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir.1990)).
 
 
 4
 Further, "[o]ur review ... must be made in light of the premise that ' "[t]he Act is intended to be remedial in nature, and doubts should be resolved in favor of the disabled miner...." ' " Bosco v. Twin Pines Coal Co., 892 F.2d 1473, 1476 (10th Cir.1989) (quoting Mangus v. Director, O.W.C.P., 882 F.2d 1527, 1530 (10th Cir.1989) (quoting Stomps v. Director, O.W.C.P., 816 F.2d 1533, 1534-35 (11th Cir.1987))).
 
 
 5
 Hunzie filed his claim for benefits December 12, 1978. Therefore, he falls under the interim regulations. See Mullins Coal Co. v. Director, O.W.C.P., 484 U.S. 135, 137 (1987). Under these regulations
 
 
 6
 [d]isability benefits are payable to a miner if (a) he or she is totally disabled, (b) the disability was caused, at least in part, by pneumoconiosis, and (c) the disability arose out of coal mine employment. All three of these conditions of eligibility are presumed if the claimant was engaged in coal mine employment for at least 10 years and if the claimant meets one of four medical requirements: (1) a chest x ray establishes the presence of pneumoconiosis; (2) ventilatory studies establish the presence of a respiratory or pulmonary disease--not necessarily pneumoconiosis--of a specified severity; (3) blood gas studies demonstrate the presence of an impairment in the transfer of oxygen from the lungs to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasonable medical judgment, establishes the presence of a totally disabling respiratory impairment.
 
 
 7
 Id. at 141-42 (citing to 20 C.F.R. § 727.203(a)) (footnotes omitted).
 
 
 8
 The ALJ found that Hunzie was entitled to the interim presumption because he had been a coal miner for twenty-five years and he met the third medical requirement in that his blood gas studies demonstrated an impairment under section 727.203(a)(3). See ALJ's Decision and Order of August 24 1983, at 3.
 
 
 9
 Petitioner argues that the ALJ should not have invoked the presumption even though Hunzie qualified under the regulations because she did not first consider all the reports and testimony. This court has held that while a preference exists for considering all like evidence at the invocation stage, Mullins does not require that all evidence be so considered. Big Horn Coal Co. v. O.W.C.P., 897 F.2d 1052, 1054-55 (10th Cir.1990). "In fact, the Mullins decision only states that it is not error for an ALJ to consider all like evidence at the invocation stage." Id. at 1055. "As long as relevant evidence will be considered at some point by the ALJ, the demand that the decision be made on the complete record is satisfied." Mullins, 484 U.S. at 150. See Bosco, 892 F.2d at 1479 (requirement that all relevant evidence be considered "is satisfied under the interim regulations ... at the rebuttal stage"). Further, because we find no error here, "the ALJ's delay in considering the doctor's testimony can at most amount to harmless error." Big Horn Coal, 897 F.2d at 1055. Because Hunzie met the requirements as set forth under the interim regulations, the ALJ properly invoked the presumption even though she had not yet considered petitioner's evidence.
 
 
 10
 Once the presumption is properly invoked, "the employer bears the burden of rebutting a properly raised presumption of causation between a claimant's total disability and his pneumoconiosis. The employer must rule out any relationship between the disability and the coal mine employment." Mangus, 882 F.2d at 1529 (emphasis in original) (footnote omitted); see Mullins, 484 U.S. at 144, n. 12 ("the employer will win, on invocation or rebuttal, only when its evidence is stronger than the claimant's") (emphasis in original). In determining whether the employer has met his burden on rebuttal "all relevant medical evidence shall be considered." 20 C.F.R. § 727.203(b). The presumption is rebutted if the "evidence establishes that the miner does not ... have pneumoconiosis." Id. at § 727.203(b)(4).
 
 
 11
 Petitioner attempted to rebut the presumption primarily by attacking the validity of determining that Hunzie has pneumoconiosis based solely on the results of the blood gas studies. Petitioner's expert, Dr. Robert J. Farney, testified that even though Hunzie's blood gas studies met the requirements for impairment pursuant to section 727.203(a)(3), his oxygen pressure was satisfactory for oxygenation purposes despite the fact that some levels were lower than normal. Dr. Farney rejected the fact that the DOL standards set forth a presumption of pneumoconiosis and urged the substitution of the A-a oxygen gradient standard, despite the DOL's prior express rejection of that standard. See 43 Fed.Reg. 36,826 (1978).
 
 The ALJ rejected Dr. Farney's opinion:
 
 12
 Dr. Farney bases his conclusions on various dubious premises. In his view Claimant, despite his 25 years of coal mine employment has had relatively little exposure to coal dust because (1) his last 14 years of coal mine employment were above ground and (2) Western coal is different from Eastern coal and causes less pneumoconiosis.
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 As far as the medical evidence is concerned Dr. Farney appears totally unconcerned and unknowing about the premises upon which the Act and regulations are based and completely disregards the standards set by the Act and regulations.
 
 
 17
 ALJ's Decision and Order of August 24, 1983, at 6.
 
 
 18
 The ALJ also rejected Dr. Farney's rebuttal testimony that Hunzie's disability was more likely due to his arteriosclerotic heart disease or smoking than pneumoconiosis, because Dr. Farney did not unequivocally attribute Hunzie's symptoms to either of those causes. We have held that a qualified determination of causation, standing alone, cannot discharge petitioner's burden of establishing that something other than pneumoconiosis is the primary cause of disability. Garcia v. Director, O.W.C.P., 869 F.2d 1413, 1417 (10th Cir.1989). Dr. Farney's opinion was clearly qualified. Furthermore, neither of his alternative diagnoses was supported by objective medical evidence.
 
 
 19
 Dr. Mitchell discounted the significance of the blood gas studies noting only that he had previously had problems with the reliability of reports from the reporting labs. The ALJ rejected Dr. Mitchell's opinion stating "Dr. Mitchell's invalidations seem to be based on nothing but his unreasoned suspicions of the results obtained at the Memorial Hospital [Rock Springs] in Sweetwater County, Wyoming, and as he invalidated Dr. Farney's blood gas results as well, apparently under the impressions that they too were from Sweetwater, ... I find Dr. Mitchell's invalidation to be without any probative value." ALJ's Decision and Order of August 24, 1983, at 3-4. Because Dr. Mitchell failed to support his opinion and he invalidated Dr. Farney's test results without commenting on the fact that they were performed by a different laboratory, Dr. Mitchell's opinion cannot constitute overwhelming evidence justifying rejection of the ALJ's conclusion that Hunzie was disabled by pneumoconiosis. See Emory, 936 F.2d at 1093.
 
 
 20
 The ALJ also rejected Dr. Guicheteau's opinion that Hunzie did not have black lung in part because his X-ray did not show pneumoconiosis. Dr. Guicheteau rejected, without explanation, the blood gas studies. The ALJ held that "[u]nder these circumstances I cannot accept a finding 'no evidence of pulmonary disability' without some explanation of Dr. Guicheteau disregarding the results of the blood gas studies especially since Dr. Guicheteau on the 1979 blood gas studies noted" some abnormalities in the results. ALJ's Decision and Order on Remand, filed October 16, 1986, at 2-3. "Unless a medical report submitted in support of a finding of rebuttal accounts for the existence of contrary objective medical data sufficient to give rise to the interim presumption of total disability, that report cannot constitute substantial evidence for purposes of rebuttal." Micheli v. Director, O.W.C.P., 846 F.2d 632, 636 (10th Cir.1988). Dr. Guicheteau failed to make such an accounting and, therefore, his opinion also does not amount to overwhelming evidence. See Emory, 936 F.2d at 1093.
 
 
 21
 The ALJ also considered the fact that some X-rays read positive for pneumoconiosis when read by a board-certified radiologist, but read negative when read by a "B" reader. She considered the facts that Hunzie's ventilatory studies were essentially normal, that Hunzie had had a heart attack and bypass surgery, and that Hunzie had a past history of smoking. None of these factors amount to substantial evidence for rebuttal.
 
 
 22
 Upon review of the entire record, we cannot say that the ALJ's decision was not supported by substantial evidence. Further, the ALJ adequately supported his decision to reject the physicians' opinions as noted above. The evidence presented by petitioner did not rule out any relationship between Hunzie's disability and his coal mine employment, see Mangus, 882 F.2d at 1529, and in fact, amounted to mere conclusion being based more on personal opinion than objective medical data. Petitioner has not shown on review that its evidence overwhelmed the evidence presented by Hunzie. See Emory, 936 F.2d at 1093. The decision of the Benefits Review Board is AFFIRMED.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3