984 F.2d 364
 Harold R. HANSEN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent,
Utah Power and Light, Mining Division; Energy Mutual
Insurance Company, Real Parties in Interest.
 No. 91-9559.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 20, 1993.
 
 Colleen Parsley of Wilderman & Linnet, P.C., Denver, CO, for petitioner.
 Marshall J. Breger, Sol. of Labor; Donald S. Shire, Associate Sol.; Michael J. Denney, for Appellate Litigation; and John M. McCracken, Atty., U.S. Dept. of Labor, Washington, DC, for Director, Office of Workers' Compensation Programs, respondent.
 Ronald E. Gilbertson of Kilcullen, Wilson and Kilcullen, Chartered, Washington, DC, for Utah Power & Light, Mining Div., and Energy Mut. Ins. Co., real parties in interest.
 Before McKAY, Chief Judge, and SEYMOUR, and KELLY, Circuit Judges.
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Harold R. Hansen petitions for review of a Benefits Review Board (Board) order affirming an order of the administrative law judge (ALJ) denying petitioner benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (1988). Petitioner argues that the Board erred in ruling that the presumption of pneumoconiosis found at 20 C.F.R. § 718.305 (1992) is inapplicable, the ALJ's findings are not supported by substantial evidence, and the ALJ erred in crediting the opinions of certain doctors over those of other doctors. The employer, Utah Power and Light, Mining Division, moves to dismiss the petition for review on the ground that the Board's order is not final. We deny the motion, and affirm the Board's order.
 
 
 3
 Petitioner filed a claim for benefits on February 16, 1987, after having worked in coal mines for twenty-five years. The parties stipulated that he had a totally disabling respiratory disease. The contested issues were whether petitioner suffered from pneumoconiosis, as defined by the Act, and, if so, whether the pneumoconiosis was caused by his coal mine employment.
 
 I.
 
 4
 As an initial matter, we must consider the employer's argument that this Court lacks jurisdiction to consider the petition for review. Petitioner died on August 1, 1991. Thereafter, counsel for petitioner filed a motion for modification pursuant to 33 U.S.C. § 922 (1988) and 20 C.F.R. § 725.310 (1992), based on the death certificate and autopsy report which found severe pulmonary emphysema to have been the cause of death. The report also found evidence of coal worker's pneumoconiosis but did not consider it to have been a significant contributor to death. The motion for modification remains pending before the agency.[1]
 
 
 5
 The employer contends that the pendency of the motion for modification makes the order denying benefits non-final and therefore not appealable. Ordinarily, "[a] motion for reconsideration renders the underlying Board decision non-final and thus precludes judicial review of that action." Bridger Coal Co./Pac. Minerals, Inc. v. Director, OWCP, 927 F.2d 1150, 1152 (10th Cir.1991). Therefore, a timely motion for reconsideration filed pursuant to 20 C.F.R. § 802.407 (1992) renders a decision of the Board non-final, 20 C.F.R. § 802.406 (1992), and suspends the running of the time for filing a notice of appeal. 20 C.F.R. § 802.206(a) (1992). A motion for modification, however, is not the same as a motion for reconsideration. Compare § 725.310 with § 802.407. Unlike motions for reconsideration, the C.F.R. contains no provisions indicating a motion for modification affects the finality of an order. We do not view this as an oversight. We therefore hold that the pendency of a motion to modify under § 922 does not destroy the finality of the Board's order.
 
 
 6
 This conclusion is bolstered by analogizing a motion for modification under § 922 to a motion for relief from a judgment or order under Fed.R.Civ.P. 60(b), as was done in Craig v. United Church of Christ, Commission for Racial Justice, 3 Black Lung Rep. 1-300, 1-302 (1981). Unlike some post-judgment motions, see Fed.R.App.P. 4(a)(4), a Rule 60(b) motion does not affect the finality of, or toll the time to appeal from, the original judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). We conclude that a similar rule applies to a motion to modify under § 922. Cf. O'Keeffe v. Aerojet-General Shipyards, 404 U.S. 254, 92 S.Ct. 405, 30 L.Ed.2d 424 (1971) (finding no tension between the flexibility of § 922 and the finality provisions of 33 U.S.C. § 921). We therefore deny the motion to dismiss.[2]
 
 II.
 
 7
 Petitioner challenges on procedural grounds the Board's ruling that the presumption found in 20 C.F.R. § 718.305 (1992) is inapplicable. Petitioner contends that the employer's failure to file a cross appeal regarding the ALJ's application of the § 718.305 presumption precluded it from raising the issue in its brief to the Board.
 
 
 8
 In Dalle Tezze v. Director, OWCP, 814 F.2d 129, 132 (3d Cir.1987), the court concluded that the rules governing cross appeals to the Board closely track the rules governing civil cross appeals. It therefore relied on the rules that guide federal appellate practice in reviewing the Board's refusal to consider an issue the prevailing party had raised without filing a cross appeal. Id. Under those rules, a party may not attack a decision with a view toward enlarging his or her own rights or lessening the rights of an adversary absent a cross appeal. Id. However, a cross appeal is unnecessary when a prevailing party merely advances an argument that would provide another avenue by which an ALJ could reach the same favorable judgment. Id.
 
 
 9
 Here, if the employer prevailed in its position that § 718.305 did not apply, petitioner's rights would not be lessened and the employer's rights would not be enlarged. Rather, petitioner still would have been denied benefits. The employer's argument was additional support for the ALJ's denial of benefits. We conclude that the employer was not required to file a cross appeal to raise the § 718.305 issue.[3] The Board properly reached the issue and concluded that the § 718.305 presumption of pneumoconiosis does not apply. Because the presumption does not apply and petitioner did not present a positive x-ray, biopsy, or autopsy report, he was required to offer the finding of a physician that he suffered from pneumoconiosis. 20 C.F.R. § 718.202(a)(4) (1992).
 
 III.
 
 10
 Petitioner argues that the ALJ's finding that he failed to prove the existence of pneumoconiosis was not supported by substantial evidence. Accordingly, petitioner asserts the Board erred in affirming the ALJ's determination.
 
 
 11
 Our task is to determine whether the Board properly concluded that the ALJ's decision was supported by substantial evidence. See Garcia v. Director, OWCP, Dep't of Labor, 869 F.2d 1413, 1415 (10th Cir.1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). In determining whether substantial evidence exists, "the court cannot reweigh the evidence, but may only inquire into the existence of evidence to support the trier of fact." Kaiser Steel Corp. v. Director, OWCP, Dep't of Labor, 748 F.2d 1426, 1430 (10th Cir.1984). Additionally, the task of weighing conflicting medical evidence is within the sole province of the ALJ. Freeman United Coal Mine v. Benefits Review Board, 879 F.2d 245, 249 (7th Cir.1989).
 
 
 12
 The medical evidence in this case was in dispute. The ALJ considered medical evidence that was presented in the form of live testimony, deposition testimony, and the letters and medical records relating to petitioner. Although conflicting evidence was presented, the ALJ chose to rely upon the medical opinions of Dr. Farney and Dr. Repsher over the other physicians because of their "superior qualifications and the thoroughness of their review of the Claimant's clinical, historical, and epidemiologic situation." (R. at 57). In addition, the ALJ specifically discredited the opinions of two of the doctors testifying on behalf of the petitioner because they had relied to some extent upon an article strongly criticized by Dr. Repsher.
 
 
 13
 Petitioner challenges the basis for the ALJ's statement regarding the "superior qualifications and the thoroughness of their review of the Claimant's clinical, historical, and epidemiologic situation." Although the record does not contain the respective qualifications of all of the doctors whose evidence was considered in this case, there is substantial evidence for the ALJ's conclusion regarding superior qualifications as it relates to those physicians whose qualifications appear in the record. Similarly, adequate evidence exists in the record to support the ALJ's statement regarding the thoroughness of review. Accordingly, petitioner's contention in this regard is without merit.
 
 
 14
 Petitioner also asserts that the ALJ's determination was in contravention of "the well-established rule in this circuit ... that the Secretary must give substantial weight to the testimony of a Claimant's treating physician unless good cause is shown to the contrary." Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987). Petitioner argues that the ALJ erred by giving more weight to Dr. Repsher, a consulting physician, than to treating and examining physicians who testified in petitioner's favor.
 
 
 15
 As an initial observation, it should be noted that one of petitioner's treating physicians, Dr. Farney, did not find evidence of pneumoconiosis. Accordingly, unlike Frey, this is not a case where the ALJ solely favored the testimony of a consulting physician over that of a treating physician. The record does suggest that Dr. Repsher's testimony as a consulting physician was instrumental in the ALJ's decision. However, Dr. Repsher's opinion was supported by Dr. Farney's diagnosis and review of the petitioner.
 
 
 16
 Dr. Farney documented petitioner as having a smoking history of fifty pack-years. After reviewing the records of all the physicians who treated or examined petitioner, Dr. Repsher rejected the lighter smoking history related by the petitioner to the other physicians, noting that petitioner's related smoking history had decreased over time. Dr. Repsher opined that petitioner's respiratory disease resulted from his smoking. Moreover, Dr. Repsher testified that petitioner's symptoms suggested a pure obstructive disease consistent with emphysema caused by smoking and that pneumoconiosis typically manifests itself with a restrictive element.
 
 
 17
 Those physicians testifying on petitioner's behalf recorded a smoking history significantly lighter than the fifty pack-years determined by Dr. Farney. Significantly, the doctors testifying on petitioner's behalf reasoned that petitioner met the legal definition of pneumoconiosis because it was unlikely for the degree of pulmonary difficulty experienced by petitioner to be caused solely by petitioner's smoking, given the relatively light smoking history petitioner had related to them.
 
 
 18
 Under these circumstances we cannot conclude that the ALJ erred in his credibility determinations and adopting the findings and views of Dr. Farney and Dr. Repsher. Because substantial evidence supports the ALJ's determination, petitioner's argument in this regard is without merit.
 
 
 19
 Petitioner also argues that in light of the congressional intent that the Black Lung Benefits Act be construed liberally, in cases such as this doubts should be resolved in favor of the claimant where conflicting medical evidence was presented.
 
 
 20
 This "true doubt" rule applies where equally probative but contradictory medical documentation exists. See Provance v. United States Steel Corp., 1 BLR 1-483, 1-486, (1978); see also Mullins Coal Co. of Virginia v. Director, OWCP, Dep't of Labor, 484 U.S. 135, 144 n. 12, 108 S.Ct. 427, 432 n. 12, 98 L.Ed.2d 450 (1987) (citing Lessar v. C.F. & I. Steel Corp., 3 BLR 1-63, 1-68 (1981)). In the instant case, the ALJ did not find the existence of equally probative but contradictory evidence. To the contrary, the ALJ weighed the medical evidence presented and concluded petitioner failed to demonstrate his entitlement to benefits. Accordingly, petitioner's contention in this regard is without merit.
 
 
 21
 Petitioner also asserts substantial evidence does not support the ALJ's conclusion with respect to Dr. Farney's diagnosis of petitioner. Specifically, petitioner asserts substantial evidence does not support the ALJ's statement that "Dr. Farney, Claimant's personal physician, did not find coal miner's pneumoconiosis." (R. at 56). While petitioner concedes that Dr. Farney found no evidence of pneumoconiosis in petitioner's x-rays, petitioner points out that pneumoconiosis as defined by statute can exist without radiographic evidence. 20 C.F.R. § 718.202(F)(4) (1992). Therefore, petitioner argues that the ALJ mischaracterized Dr. Farney's notes.
 
 
 22
 The record reveals that Dr. Farney was petitioner's personal treating physician for a period of approximately eighteen months. Although Dr. Farney did not testify at trial, Dr. Farney's extensive notes and the medical charts relating to his treatment and diagnosis of the petitioner were admitted at trial. The notes indicate that Dr. Farney diagnosed petitioner as having "severe emphysema" and a "severe obstructive airway disease." (R.Vol. II, Dir.Ex. 26 at 9, 14). Dr. Farney also noted that repeated chest radiographs were negative for pneumoconiosis. In addition, the record contains Dr. Farney's hearsay statements to Carole Miller, a Benefits Specialist, that the petitioner did not suffer from pneumoconiosis. (R.Vol. II, Director's Ex. 23 at 11). Moreover, petitioner testified that Dr. Farney had told him he did not suffer from black lung disease. (Tr. of Sept. 13, 1988, at 27). Given the existence of this evidence in the record, we reject petitioner's argument that the ALJ mischaracterized the evidence relating to Dr. Farney's diagnosis.
 
 
 23
 Petitioner also asserts the ALJ mischaracterized the evidence when rejecting an article criticized by Dr. Repsher and discarding the opinions of Dr. Lincoln and Dr. Saddler who, at least in part, relied on the article in reaching their conclusion that petitioner suffered from pneumoconiosis. The ALJ reasoned as follows:
 
 
 24
 I basically disregard the assessments of Dr. Sadler and Dr. Lincoln with regard to their inability to exclude coal dust exposure as a cause of Claimant's COPD because of their reliance for their opinion on the article by Dr. Marine. Dr. Repsher concluded: "the study was not properly designed because Dr. Marine is not a pulmonologist and does not ... understand pulmonary physiology and pathophysiology." (Tr. at 65). That statement was not contested by any of Claimant's witnesses.
 
 
 25
 (R. at 57). The record reveals that Dr. Lincoln and Dr. Sadler did address some of Dr. Repsher's criticisms with regard to the study. Both doctors recognized problems with the study exist, but nonetheless opined the study's conclusions had merit. However, neither of the doctors addressed Dr. Repsher's criticism, which the ALJ apparently accepted, that "Dr. Marine is not a pulmonologist and does not ... understand pulmonary physiology and pathophysiology." (R. at 57).
 
 
 26
 After a review of the record, we are of the view that petitioner's contention is without merit. The evidence was conflicting and, where medical professionals are in disagreement, the trier of fact is in a unique position to determine credibility and weigh the evidence. Because we find that the ALJ's determination is supported by substantial though conflicting evidence, the Board properly affirmed the ALJ's order denying benefits.
 
 
 27
 The judgment is AFFIRMED.
 
 
 
 [1]
 The Department of Labor advised this court that the agency has a policy of holding modification requests in abeyance while a case is pending before an appellate court, absent specific action by the court holding the appeal in abeyance and returning the record to the agency. This court has denied petitioner's motion to abate the appeal
 
 
 [2]
 We express no opinion as to the merits of the motion for modification
 
 
 [3]
 We do not read Micheli v. Director, OWCP, 846 F.2d 632 (10th Cir.1988), as compelling a contrary result. Micheli held that an issue could not be considered on appeal where a party had not raised it before the administrative agency at the appropriate time. Id. at 635. Micheli did not hold that the prevailing party was required to file a cross appeal to raise the issue. It is undisputed that the employer in this case raised the issue before the Board at the appropriate time