F I L E D
United States Court of Appeals
Tenth Circuit

AUG 28 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DOUGLAS WAYNE THOMPSON,

Plaintiff-Appellant,

v.

WALTER C. WEBBER and
JEFFERY L. COVINGTON, Special
Agents of the Federal Bureau of
Investigation,

Defendants-Appellees.

No. 96-3012
(D.C. No. 95-CV-3100)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited
under the terms and conditions of 10th Cir. R. 36.3.

Appellant Douglas Wayne Thompson, a federal inmate appearing pro se and proceeding in forma pauperis, appeals from an order of the district court that dismissed without prejudice his action filed pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Thompson seeks the return or replacement of state court legal papers allegedly seized in 1988 from his Kansas City, Kansas abode during the FBI's investigation of Thompson in connection with bank robberies and firearms offenses committed in Minnesota, and damages for the FBI's delay in returning or replacing his property. The district court dismissed Thompson's complaint without prejudice for lack of subject matter jurisdiction. We affirm, albeit for a slightly different reason.

In 1992, Thompson filed an action in the United States District Court for the Western District of Missouri, seeking essentially the same relief he seeks in this suit. The Missouri court dismissed the action with prejudice, and Thompson appealed. In an opinion entered on February 15, 1995, the Eighth Circuit vacated the district court's judgment and remanded with directions to dismiss the action without prejudice to refiling in the District of Minnesota. See Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995). The Eighth Circuit reasoned that because Thompson sought the return of property seized in connection with a criminal case, his action presented a civil equitable claim and the district court

where he was tried--that is, the District of Minnesota--had ancillary jurisdiction to consider it. See id. (citing authorities).

The record shows that by the time the Eighth Circuit ruled, Thompson had filed a motion for return of property pursuant to Fed. R. Crim. P. 41 in the District of Minnesota as part of a motion under 28 U.S.C. § 2255 in his criminal case. See United States v. Thompson, Crim. No. 4-88-119, Civ. No. 4-92-208 (D. Minn., filed Apr. 11, 1994). The motion for return of property was dismissed on August 2, 1994. Thompson renewed his motion for return of property in the District of Minnesota in 1995. His claims were again dismissed with prejudice in a Memorandum Opinion and Order entered by the Fourth Division of the District of Minnesota on October 4, 1996, in Civ. No. 4-95-399.

Thompson filed this suit in the District of Kansas on March 10, 1995, while the Minnesota proceedings were pending. We abated the present appeal pending a decision from the Eighth Circuit in Thompson's appeal from the dismissal in the District of Minnesota. The Eighth Circuit has now ruled that Thompson's motion for return of property should not have been dismissed, and has remanded the case

> for a determination of whether the FBI ever seized Thompson's alleged documents and currently possesses them. If so, Thompson may be entitled to return of these documents. If the FBI lost or destroyed certain of Thompson's documents, then the district court must decide whether Thompson is entitled to equitable relief.

Thompson v. Federal Bureau of Investigation, No. 96-3926, 1997 WL 413605, at *1 (8th Cir. Jul. 23, 1997) (per curiam) (unpublished disposition).

The gist of Thompson's Kansas complaint is that he has been unable to obtain relief in the Eighth Circuit. Because the Eighth Circuit has now granted him the relief he seeks, we affirm the dismissal of the Kansas case.

We do not address appellees' argument that Thompson's Kansas case is barred by the statute of limitations. A holding that the limitations period had run before Thompson filed his complaint would call for a dismissal of the action with prejudice, but appellees did not cross-appeal. See Hansen v. Director, Office of Workers' Compensation Programs, 984 F.2d 364, 367 (10th Cir. 1993) (holding party may not seek to enlarge its rights or lessen adversary's rights without cross-appeal).

Appellees' motion to file a surreply is GRANTED. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge