28 F.3d 1209
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Maxie D. HALE, Widow of Cecil B. Hale, Petitioner,
v.
ISLAND CREEK COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-1775.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 15, 1994.
Decided: July 12, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (88-2251-BLA)
 Argued: Lawrence Lee Moise, III, Vinyard & Moise, Attorneys at Law, P.C., Abingdon, VA, for petitioner.
 
 
 1
 Douglas Allan Smoot, Jackson & Kelly, Charleston, WV, for respondent Island Creek Coal;
 
 
 2
 Barry H. Joyner, Office of the Solicitor, U.S. Dept. of Labor, Washington, DC, for respondent Director.
 
 
 3
 On brief: Martin E. Hall, Jackson & Kelly, Lexington, KY, for respondent Island Creek Coal;
 
 
 4
 Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, U.S. Dept. of Labor, Washington, DC, for espondent Director.
 
 
 5
 Ben.Rev.Bd.
 
 
 6
 AFFIRMED.
 
 
 7
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and HARVEY, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 HARVEY, Senior District Judge:
 
 8
 Claimant Maxie D. Hale, the widow of Cecil B. Hale, petitions for review of an order of the Benefits Review Board (the Board), denying her claim for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945 (the Act). Finding no error, we deny claimant's petition for review and affirm the decision of the Board.
 
 
 9
 * Cecil B. Hale (Hale) worked as a coal miner for more than 10 years. During this period of time, Hale was employed by a number of different coal mining companies. The last of his employers was respondent Island Creek Coal Company (Island Creek). Hale left the employ of Island Creek at some time in the early winter of 1970 because of a back injury. After leaving Island Creek, Hale was unable to work. Hale died of arteriosclerotic heart disease in October of 1979, more than nine years after he had last worked as a coal miner. It is undisputed that pneumoconiosis was present in Hale's lungs when he died. However, the parties dispute whether pneumoconiosis was a contributing factor in his death.
 
 
 10
 On December 14, 1973, Hale had filed a claim with the Department of Labor for black lung benefits under the Act. Following his death, his widow filed on March 21, 1980 a claim for survivor's benefits. In March of 1985, a hearing was held before an Administrative Law Judge (ALJ). On June 20, 1985, the ALJ issued a Decision and Order denying benefits. In this Decision and Order, the ALJ concluded that Hale was entitled to the "interim presumption" of total disability under 20 C.F.R. Sec. 727.203(a)(1). However, for reasons not relevant to the present appeal, the ALJ denied benefits. Claimant appealed this denial to the Board. On March 29, 1988, the Board vacated the denial of benefits and remanded the case to the ALJ for further consideration. The reasons for this remand are likewise not relevant to the present appeal.
 
 
 11
 On June 17, 1988, the ALJ issued a second Decision and Order which this time granted benefits to the claimant. The ALJ considered the claim under two different regulatory sections, namely 20 C.F.R. Sec. 727.203 and 20 C.F.R. Sec. 410.490. The ALJ concluded that the interim presumption had been rebutted under Sec. 727.203(b)(3) but not under Sec. 410.490. The basis for the ALJ's determination under Sec. 727.203(b)(3) was that the medical evidence established that Hale suffered from no pulmonary disability.
 
 
 12
 In reaching this conclusion, the ALJ relied upon the medical opinions of Dr. Abernathy and Dr. Kleinerman. Dr. Abernathy had been Hale's treating physician from 1975 until he died. According to Dr. Abernathy's diagnosis, Hale had various medical conditions, including hypertension, obesity, arteriosclerotic heart disease, and schizophrenia. Dr. Abernathy suspected that Hale suffered from chronic bronchitis, but attributed this to Hale's heavy cigarette smoking. In December of 1978, Dr. Abernathy conducted, at Hale's request, a pulmonary evaluation of Hale, including a blood gas study. At that time, Dr. Abernathy concluded that Hale had a normal pulmonary system, and that Hale was not prevented by his pulmonary system from performing physical tasks, including working in a coal mine.
 
 
 13
 In September of 1979, Hale was hospitalized for arteriosclerotic heart disease. Hale was released, but was subsequently hospitalized again on October 22, 1979. Hale died on October 25, 1979. On Hale's death certificate, Dr. Abernathy listed the cause of death as acute myocardial infarction due to arteriosclerotic heart disease. At his subsequent deposition, Dr. Abernathy testified that it was not possible that coal dust could have aggravated Hale's pulmonary situation so as to have been related to his congestive heart failure. Although he could not state his opinion "absolutely with complete certainty," Dr. Abernathy testified that he could "fairly definitely" and confidently exclude pneumoconiosis as a contributing factor to Hale's heart disease.
 
 
 14
 Dr. Kleinerman, a pathologist, examined medical records and slides taken during Hale's autopsy and issued a report dated August 11, 1981. That report stated that Hale's pneumoconiosis "was not of sufficient severity to interfere with the performance of his usual assigned work." At his deposition, Dr. Kleinerman testified that Hale's pneumoconiosis did not cause or contribute to any pulmonary impairment.
 
 
 15
 Based on this evidence, the ALJ found that Hale suffered from no pulmonary disability and concluded that Island Creek had rebutted the interim presumption of eligibility for benefits under 20 C.F.R. Sec. 727.203(b)(3). However, the ALJ further determined that the interim presumption had not been rebutted underSec. 410.490(c)(2), because the evidence did not establish that the miner was able to perform his usual or comparable coal mine work. Benefits were accordingly awarded to the claimant.
 
 
 16
 Island Creek appealed the award of benefits to the Board, but the claimant did not cross-appeal from the ALJ's ruling denying benefits under Sec. 727.203(b)(3).[1] On April 27, 1993, the Board issued a Decision and Order reversing the ALJ's award of benefits. The Board upheld the ALJ's finding of rebuttal under Sec. 727.203(b)(3), but reversed the ALJ's award of benefits under Sec. 410.490(c)(2). Relying upon Pauley v. BethEnergy Mines, Inc., 111 S.Ct. 2524 (1991), the Board reasoned that Sec. 410.490 is "inapplicable" to claims properly adjudicated under Sec. 727.203. The ALJ's award of benefits was accordingly reversed, and this appeal followed.
 
 II
 
 17
 We first conclude that the Board correctly determined that 20 C.F.R. Sec. 410.490 was inapplicable to the claim asserted in this case. After the ALJ had issued his second Decision and Order, the Supreme Court decided Pauley, 111 S.Ct. 2524. The Supreme Court in Pauley erased any doubt concerning the validity of the Department of Labor's interim regulations set forth at 20 C.F.R.Sec. 727.203(b)(2) and (b)(3). 111 S.Ct. at 2539. The Supreme Court there held that Sec. 410.490 is inapplicable to claims properly adjudicated under Sec. 727.203. Id.[2] Thus, there was no need for the ALJ in this case to even consider the regulations set forth in 20 C.F.R.Sec. 410.490, much less to base his decision on that Section of the applicable regulations. Accordingly, the only issue which was before the Board and which is presented by the present appeal is whether the interim presumption of disability had been rebutted pursuant to Sec. 727.203(b)(3).
 
 
 18
 As previously noted, the ALJ found that, under Sec. 727.203(a)(1), the claimant was entitled to the "interim presumption" that Hale was totally disabled due to pneumoconiosis. This finding was not challenged by Island Creek either before the Board or on this appeal. Pursuant to Sec. 727.203(b), this interim presumption is rebutted if:
 
 
 19
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work; or
 
 
 20
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work; or (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 
 
 21
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.[3]
 
 
 22
 The Board reviews decisions of an administrative law judge to determine if they are supported by substantial evidence and in accordance with law. 33 U.S.C. Sec. 921(b)(3); 30 U.S.C. Sec. 932(a). This Court in turn reviews decisions of the Board to determine whether or not it properly applied this standard of review. E.g., Wilson v. Benefits Review Board, 748 F.2d 198, 200 (4th Cir.1984). Thus, findings of an ALJ must be upheld if supported by substantial evidence in the record.
 
 
 23
 The critical factual finding in this case was that Hale suffered from no pulmonary disability. This finding of the ALJ was clearly supported by substantial evidence. In particular, Dr. Abernathy conducted a pulmonary evaluation of Hale in 1978 and concluded that Hale was not limited by his pulmonary system from performing physical tasks. The ALJ was fully justified in placing great weight upon the testimony of Dr. Abernathy, who was Hale's treating physician. See Grizzle v. Pickands Mather & Co., 994 F.2d 1093, 1099 (4th Cir.1993). In addition, Dr. Kleinerman testified that there was no medical evidence of pulmonary impairment, and that pneumoconiosis present in Hale's lungs would not have interfered with Hale's performance of his usual work.
 
 
 24
 The present case is far different from Thorn v. Itmann Coal Co., 3 F.3d 713 (4th Cir.1993). In Thorn, this Court ruled that the employer had failed to produce substantial evidence in support of a finding of rebuttal under Sec. 727.203(b)(3). Among the many deficiencies in the employer's proof in Thorn was that one of the physicians upon whose opinion the ALJ primarily relied had applied an impermissible presumption that simple pneumoconiosis does not cause total pulmonary disability. Id. at 719. Neither Dr. Abernathy nor Dr. Kleinerman applied such a presumption. Rather, the opinions of Dr. Abernathy and Dr. Kleinerman were based upon objective medical evidence, including a full pulmonary evaluation and a blood gas study. Neither the validity of this evidence nor the interpretation of this evidence by Dr. Abernathy and Dr. Kleinerman was seriously challenged in the record before the ALJ.
 
 
 25
 Accordingly, this Court concludes that substantial evidence in the record supported the ALJ's determination that Hale suffered from no pulmonary disability.
 
 III
 
 26
 The final question then is whether or not a finding of no pulmonary disability establishes rebuttal under Sec. 727.203(b)(3). This is a question of law which this Court reviews de novo. E.g., Thorn, 3 F.3d at 718.
 
 
 27
 At the time of the briefing and argument of this appeal, the issue of whether a finding of no pulmonary disability establishes rebuttal under Sec. 727.203(b)(3) had not been directly addressed by any published opinion of this Court. However, this precise issue was recently considered in a published opinion by a different panel of this Court in Grigg v. Director, DOWCP, --- F.3d ----, No. 92-1591 (4th Cir. July 1, 1994). The Court in Grigg concluded, inter alia, that a finding of no pulmonary disability does in fact rebut the interim presumption under Sec. 727.203(b)(3). This holding of Grigg was specifically limited to cases in which the interim presumption was invoked under Sec. 727.203(a)(1).
 
 
 28
 In this case, the ALJ concluded that claimant was entitled to the interim presumption under Sec. 727.203(a)(1). This determination was not challenged before either the Board or this Court. As discussed hereinabove, the ALJ's finding that Hale suffered from no pulmonary disability was supported by substantial evidence. Thus, the present appeal is directly controlled by Grigg.[4] Accordingly, we conclude that the ALJ correctly determined that respondent Island Creek had rebutted the interim presumption under Sec. 727.203(b)(3) and that the Board correctly reversed the ALJ's award of benefits.
 
 IV
 
 29
 For the reasons stated, we deny claimant's petition for review and affirm the decision of the Benefits Review Board.
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 In its brief filed in support of the Board's decision, Island Creek argued, inter alia, that petitioner is foreclosed from challenging in this Court the ALJ's finding based on Subsection (b)(3) because she did not file a cross-appeal of that finding with the Board. That argument is foreclosed by this Court's recent opinion in Malcomb v. Island Creek Coal Company, 15 F.3d 364, 370 (4th Cir.1994)
 
 
 [2]
 The complex history of the statutory and regulatory scheme which governs claims under the Act was discussed exhaustively by the Supreme Court in Pauley, 111 S.Ct. at 2527-2530
 
 
 [3]
 Section 410.490 lists only two grounds for rebuttal which mimic those set forth in Sec. 727.203(b)(1) and in Sec. 727.203(b)(2)
 
 
 [4]
 The Court in Grigg remanded the case for further consideration because the ALJ had completely ignored the testimony of the claimant's treating physician. --- F.3d at ----. By way of contrast, Hale's own treating physician, Dr. Abernathy, testified in this case that Hale suffered from no pulmonary disability. That testimony was credited by the ALJ in this case