28 F.3d 1210
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hazel RIFE, Widow of Clarence Rife, Petitioner,
v.
KNOX CREEK COAL CORPORATION; Old Republic Insurance
Company; Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 93-2038.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1994.
Decided July 15, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (89-4087-BLA)
 Sherry Lee Wilson, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, VA, for petitioner.
 Robert P. Hines, Office of the Solicitor, U.S. Dept. of Labor, Washington, DC, for respondent.
 Mark Elliott Solomons, Arter & Hadden, Washington, DC, for respondents Knox Creek Coal and Old Republic Insurance.
 Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Sol., Patricia M. Nece, Counsel for Appellate Litigation, Office of the Sol, U.S. Dept. of labor, Washington, DC, for respondent.
 Laura Metcoff Klaus, Arter & Hadden, Washington, DC, for respondents Knox Creek Coal and Old Republic Insurance.
 Ben. Rev. Bd.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Hazel Rife petitions this court to review the decision of the Benefits Review Board ("Board") affirming the denial of her claim for her deceased husband's medical benefits pursuant to section 924(a) of the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945, as amended ("the Act"). Mrs. Rife maintains that the Administrative Law Judge ("ALJ") substituted his own opinion in rejecting qualifying arterial blood gas test results and that the Board erroneously refused to consider the issue on procedural grounds. Mrs. Rife also maintains that the ALJ should have excluded medical evidence from two doctors because their opinions demonstrated "hostility to the Act." The respondent, Knox Creek Coal Company ("Knox Creek"), challenges Mrs. Rife's standing to pursue her deceased husband's claim for medical benefits. We conclude that Mrs. Rife has standing, that the ALJ rejected qualifying blood gas studies without explaining how the medical evidence supported the exclusion of those studies, that Mrs. Rife preserved that issue before the Board, and that the doctors' opinions complained of were not "hostile to Act" and, therefore, were properly considered. Accordingly, we affirm in part, reverse in part, and remand for reconsideration consistent with this opinion.
 
 I.
 
 2
 Clarence Rife, a miner and husband of the petitioner, worked in the coal industry for at least ten years. In 1971, Mr. Rife filed a claim for, and received, black lung benefits under Part B of the Black Lung Benefits Act ("the Act"). 30 U.S.C. Secs. 921-25 (1986). On March 2, 1979, Mr. Rife filed for medical benefits pursuant to Part C of the Act. The Department of Labor ("DOL") informed him on May 28, 1980 that he was entitled to benefits. No further activity on his medical benefits claim occurred for four years. On April 9, 1984, the DOL informed Knox Creek Coal Co. ("Knox Creek"), the responsible operator, of Mr. Rife's entitlement to benefits. Knox Creek challenged the entitlement, and Mr. Rife failed to respond with the necessary medical documentation of disability. Knox Creek requested dismissal. The DOL ordered Mr. Rife to show cause why the claim should not be dismissed. Mr. Rife failed to respond, and, on February 8, 1985, the DOL declared the claim abandoned and requested reimbursement of medical expenses that it had paid. At that time, Mr. Rife provided the requested medical information. On March 11, 1985, the DOL revoked the abandonment and found Mr. Rife entitled to benefits. Knox Creek again challenged the decision. Mr. Rife died on January 16, 1987, and his widow, Hazel Rife, proceeded with his claim.
 
 
 3
 After a hearing, the ALJ issued an opinion on November 8, 1989 denying the claim. The ALJ found that the evidence failed to create a presumption that Mr. Rife had ever been totally disabled due to pneumoconiosis, a prerequisite to an award of medical benefits. The ALJ's decision was based on x-rays, pulmonary function studies, blood gas tests, and other medical evidence.
 
 
 4
 The ALJ found that of the four blood gas tests submitted, only one taken two days prior to Mr. Rife's death produced qualifying results, and those results, according to the ALJ, were invalid because they were caused by Mr. Rife's radiation therapy and impending death from lung cancer. The ALJ also reviewed the opinions of two treating physicians and of two physicians who interpreted the medical records. Dr. Robert Abernathy examined Mr. Rife on June 20, 1984 and stated that fifteen years of cigarette smoking, tuberculosis, and a recent heart attack caused Mr. Rife's physical problems. None of the tests he conducted were positive for pneumoconiosis. He reviewed additional medical documents and stated on November 12, 1986 that his opinion had not changed. Dr. D. Patel examined Mr. Rife two days before Mr. Rife's death and diagnosed him with cancer and obstructive pulmonary disease with pneumoconiosis. Dr. Patel based those findings on tests conducted while Mr. Rife was undergoing radiation therapy not long before he died of lung cancer. Dr. Fino and Dr. Hippensteel interpreted the medical records and found that Mr. Rife suffered from lung cancer, tuberculosis, and the effects of cigarette smoking, but not from pneumoconiosis. The ALJ concluded from the available opinion evidence that Mr. Rife was not entitled to the presumption of pneumoconiosis.
 
 
 5
 Because the ALJ concluded that Mr. Rife's evidence was insufficient to invoke any of the necessary regulatory presumptions, see 20 C.F.R. Sec. 727.203(a),[1] the ALJ denied medical benefits. The Board affirmed, and this appeal followed.
 
 II.
 
 6
 A party must show some threatened or actual injury within the zone of interest protected by the applicable statute to establish standing. Association of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 153 (1970). Coal miners receiving disability benefits for pneumoconiosis pursuant to Part B of the Act also may file claims for medical benefits under Part C of the Act. Pursuant to 20 C.F.R. Sec. 725.360(b), a widow is a permissible party when her rights with respect to the benefits may be prejudiced; furthermore, a surviving spouse is identified in the regulations as the proper person to receive the benefits of a deceased miner when an underpayment of benefits has been made. 20 C.F.R. Sec. 725.545(c)(1).
 
 
 7
 Mrs. Rife testified that she owed approximately six or seven thousand dollars from medical bills due to her husband's illnesses. Mrs. Rife, therefore, has demonstrated a sufficient possible injury of an interest protected by the Act. The Director maintains, and we agree, that any potential liability for her husband's medical bills provides Mrs. Rife with sufficient standing to pursue his claim for medical benefits. Accordingly, we conclude that Mrs. Rife has standing to proceed with the claim for her deceased husband's medical benefits.
 
 III.
 
 8
 We now turn to Mrs. Rife's contention that the ALJ improperly denied her claim for her husband's medical benefits. Claims filed for medical benefits only are governed by the same interim regulations that govern claims for black lung disability benefits. 20 C.F.R. Sec. 725.701A (1993). Section 727.203(a), which provides an interim presumption of disability due to pneumoconiosis, also governs whether the miner is entitled to medical benefits. 20 C.F.R. Sec. 725.701A(d) (1993). A miner is entitled to the section 727.203(a) presumption if the miner has engaged in coal mine employment for at least ten years and establishes by a preponderance of the evidence that he meets at least one of four medical criteria:
 
 
 9
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis ...;
 
 
 10
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease ...;
 
 
 11
 (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood ...;
 
 
 12
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment;....
 
 
 13
 20 C.F.R. Sec. 727.203(a) (1993). See Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1987).[2]
 
 A. The Blood Gas Studies
 
 14
 Pursuant to section 727.203(a)(3), qualified blood gas studies invoke the presumption. In the case at hand, the ALJ concluded that the blood gas studies of January 14, 1987 were unreliable. The Board found that Mrs. Rife failed to raise the issue on appeal. Thus, the Board declined to consider the ALJ's findings on that issue, concluding instead that the issue was not properly before it. The Board also concluded that the Director was precluded from addressing the issue in a response brief, but rather was required to file a cross-appeal. The Director asks us to find that the Board erred in not considering Mrs. Rife's section 727.203(a)(3) arguments and in refusing to consider the Director's position in support of Mrs. Rife on this issue. We accept the Director's invitation and so find.
 
 
 15
 In her Petition for Review filed pursuant to 20 C.F.R. Sec. 802.211, Mrs. Rife specifically identified the ALJ's consideration and rejection of the blood gas studies as a point of review. Mrs. Rife challenged the ALJ's conclusion by asserting in her petition that "[t]he ALJ erred in rejecting the 1/87 qualifying blood gas study as[he] does not have the expertise or the power under the Act to reject a blood gas study on the grounds that it does not reflect the miner's actual pulmonary ability." Mrs. Rife sufficiently raised the issue on appeal to the Board. Therefore, the Board erred in not considering the issue, and Mrs. Rife properly reserved her right for review here.[3] Our review of the ALJ's handling of the blood gas studies convinces us that this matter must be remanded. The ALJ rejected the qualifying blood gas study stating:
 
 
 16
 the miner was in the acute stages of bronchogenic carcinoma at that time, I cannot rely on these tests to reflect his true pulmonary or respiratory capability.
 
 
 17
 However, the ALJ failed to identify the evidence he relied upon to support his conclusion.[4] As this court has previously stated, "an ALJ cannot substitute his or her opinion for that of a physician." Walker v. Director, OWCP, 927 F.2d 181, 184 n. 4 (4th Cir.1991) (citing Peabody Coal Co. v. Helms, 859 F.2d 486, 489 (7th Cir.1988); Kertesz v. Crescent Hills Coal Co., 788 F.2d 158, 163 (3d Cir.1986)). Accordingly, we find it necessary to remand this issue for further consideration.
 
 B. Other Medical Evidence
 
 18
 The ALJ considered all the medical opinions, pursuant to section 727.203(a)(4), and found them insufficient to invoke the presumption. An expert's opinion based on a premise directly at odds with the Act is generally not considered probative. Thorn v. Itmann Coal Co., 3 F.3d 713, 719 (4th Cir.1993). Mrs. Rife asserts that the ALJ should not have considered the opinions of Dr. Fino and Dr. Hippensteel because those opinions were based on a premise at odds with the Act. Specifically, Dr. Fino and Dr. Hippensteel opined that lung cancer is not related to coal mine employment. Mrs. Rife argues that their opinions are contrary to the Act's expansive definition of pneumoconiosis and, therefore, should not be considered by the ALJ. We disagree.
 
 
 19
 There is no premise in the Act that coal dust exposure causes lung cancer. The legal definition of pneumoconiosis under the regulation includes chronic dust diseases of the lungs related to coal mine employment. 20 C.F.R. Sec. 727.202 (1993). Obviously, a medical opinion that coal dust exposure does not cause lung cancer is in no way at odds with that definition. Accordingly, we conclude that the ALJ properly considered the opinions of Dr. Fino and Dr. Hippensteel. We, therefore, affirm the ALJ's conclusion that the evidence was insufficient to support the application of the interim presumption pursuant to section 727.203(a)(4) because that conclusion is supported by substantial evidence.[5]
 
 IV.
 
 20
 Based on the foregoing, the decision of the Board is affirmed in part and reversed in part, and we remand for further proceedings consistent with this opinion.
 
 
 21
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 The ALJ also reviewed the applicable x-ray evidence and pulmonary function tests. None of the pulmonary function tests had qualifying values. In reviewing the x-ray evidence, the ALJ found that of the twenty-seven x-ray interpretations, only one tentatively found pneumoconiosis. That one positive x-ray interpretation was of an x-ray taken two days before Mr. Rife's death from lung cancer. The x-ray was read by four physicians--three found no pneumoconiosis present and one found that the lung conditions could be related to lung cancer or pneumoconiosis. The ALJ concluded that the x-ray evidence and pulmonary function tests were insufficient to invoke the presumption for benefits, and his findings were unchallenged on appeal to the Board
 
 
 [2]
 As we noted above, the ALJ's findings pursuant to sections 727.203(a)(1) and (2), x-ray evidence and pulmonary function studies, were unchallenged on appeal to the Board
 
 
 [3]
 In addition, because we find the issue was sufficiently raised before the Board, we conclude it was not necessary for the Director to file a cross-appeal in order to have its response considered. Cf. Malcomb v. Island Creek Coal Co., 15 F.3d 364 (4th Cir.1994). We note that the Board's narrow construction of the petition for review fails to serve the beneficial intent of the Act
 
 
 [4]
 This is not to suggest that there is not opinion evidence to support his conclusion, but only that the ALJ must identify his basis for reaching it. On remand, the parties may submit any additional evidence that bears on the precise question of the efficacy of the blood gas studies in light of Mr. Rife's condition at the time
 
 
 [5]
 Mrs. Rife also contends that the ALJ erred in failing to give greater weight to the opinion of Mr. Rife's treating physician, Dr. Patel. However, this court has declined to hold that an ALJ is required to give greater weight to the opinion of a treating physician than to other expert opinions. Grizzle v. Pickands Mather and Co., 994 F.2d 1093 (4th Cir.1993). We, therefore, find that the ALJ properly considered the opinion of Dr. Patel in conjunction with the opinions of the other physicians in reaching his conclusion