74 F.3d 1231
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Clinchfield COAL COMPANY, Petitioner,
v.
Donald E. LONG; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 95-1805.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 19, 1995.
Decided: January 12, 1996.
 
 Timothy Ward Gresham, Penn, Stuart, Eskridge & Jones, Abingdon, VA, for Petitioner. Donald E. Long, Respondent Pro Se; Patricia May Nece, Jill M. Otte, United States Department of Labor, Washington, DC, for Respondents.
 Before HAMILTON and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Long filed an application for black lung benefits under 30 U.S.C.A. Secs. 901-945 (West 1986 & Supp.1995). Clinchfield Coal Co. (Clinchfield) raised a statute of limitations defense under 20 C.F.R. Sec. 725.308(a) (1995). The administrative law judge (ALJ) ruled that the claim was timely filed, but that Long had not established that he suffered from pneumoconiosis or that he was totally disabled by the disease. Long did not appeal this decision, but Clinchfield sought to appeal to the Benefits Review Board (Board). Clinchfield urged the Board to affirm the ALJ's ruling on the merits, but to reverse his holding that the claim was not time-barred. The Board dismissed the appeal, holding that there was no justiciable controversy. Clinchfield appealed to this court.
 
 
 2
 We affirm the Board's action dismissing the appeal. Under the relevant regulations, only a party or party in interest aggrieved by an ALJ's decision may appeal to the Board. A prevailing party may file a cross-appeal to challenge any "adverse findings of fact or conclusions of law." 20 C.F.R. Sec. 802.201(a), (b) (1995). The Director, Office of Workers' Compensation Programs (Director) contends that under these regulations, Long is the aggrieved party. Clinchfield is the prevailing party, as it has not been held liable for benefits. The fact that the company was not persuasive on each one of its defensive arguments does not render it an aggrieved party. The Board's interpretation of its own regulations is generally entitled to deference on judicial review. Malcomb v. Island Creek Coal Co., 15 F.3d 364, 369 (4th Cir.1994).
 
 
 3
 Clinchfield's argument that it will be unfairly bound by the statute of limitations ruling in any future actions by Long is not persuasive. The ruling of the ALJ would not operate as a bar, because Clinchfield did not have full and fair opportunity to litigate the issue, and had no opportunity to obtain review of the ALJ's decision. See In re DES Litig., 7 F.3d 20, 23-25 (2d Cir.1993); RESTATEMENT (SECOND) OF JUDGMENTS Sec. 28(l) (1982) (relitigation of an issue not precluded if party could not, as a matter of law, have obtained review). Thus, Clinchfield was not an aggrieved party with standing to challenge the ALJ's ruling in its behalf, and the Board correctly dismissed the appeal.
 
 
 4
 The Board's opinion contains ambiguous language suggesting that it affirmed the ALJ's decision on the merits as well as dismissing Clinchfield's appeal. We vacate that judgment and remand to the Board so that it may eliminate that language and make clear that the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED