**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLINCHFIELD COAL COMPANY,
Petitioner,

v.

DONALD E. LONG; DIRECTOR,

No. 95-1805

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(92-2590-BLA)

Submitted: December 19, 1995

Decided: January 12, 1996

Before HAMILTON and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Timothy Ward Gresham, PENN, STUART, ESKRIDGE & JONES,
Abingdon, Virginia, for Petitioner. Donald E. Long, Respondent Pro
Se; Patricia May Nece, Jill M. Otte, UNITED STATES DEPART-
MENT OF LABOR, Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Long filed an application for black lung benefits under 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1995). Clinchfield Coal Co. (Clinchfield) raised a statute of limitations defense under 20 C.F.R. § 725.308(a) (1995). The administrative law judge (ALJ) ruled that the claim was timely filed, but that Long had not established that he suffered from pneumoconiosis or that he was totally disabled by the disease. Long did not appeal this decision, but Clinchfield sought to appeal to the Benefits Review Board (Board). Clinchfield urged the Board to affirm the ALJ's ruling on the merits, but to reverse his holding that the claim was not time-barred. The Board dismissed the appeal, holding that there was no justiciable controversy. Clinchfield appealed to this court.

We affirm the Board's action dismissing the appeal. Under the rel-evant regulations, only a party or party in interest aggrieved by an ALJ's decision may appeal to the Board. A prevailing party may file a cross-appeal to challenge any "adverse findings of fact or conclu-sions of law." 20 C.F.R. § 802.201(a), (b) (1995). The Director, Office of Workers' Compensation Programs (Director) contends that under these regulations, Long is the aggrieved party. Clinchfield is the prevailing party, as it has not been held liable for benefits. The fact that the company was not persuasive on each one of its defensive arguments does not render it an aggrieved party. The Board's inter-pretation of its own regulations is generally entitled to deference on judicial review. Malcomb v. Island Creek Coal Co., 15 F.3d 364, 369 (4th Cir. 1994).

Clinchfield's argument that it will be unfairly bound by the statute of limitations ruling in any future actions by Long is not persuasive. The ruling of the ALJ would not operate as a bar, because Clinchfield did not have full and fair opportunity to litigate the issue, and had no

2

opportunity to obtain review of the ALJ's decision. <u>See In re DES Litig.</u>, 7 F.3d 20, 23-25 (2d Cir. 1993); RESTATEMENT (SECOND) OF JUDGMENTS § 28(l) (1982) (relitigation of an issue not precluded if party could not, as a matter of law, have obtained review). Thus, Clinchfield was not an aggrieved party with standing to challenge the ALJ's ruling in its behalf, and the Board correctly dismissed the appeal.

The Board's opinion contains ambiguous language suggesting that it affirmed the ALJ's decision on the merits as well as dismissing Clinchfield's appeal. We vacate that judgment and remand to the Board so that it may eliminate that language and make clear that the appeal is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

3